NEW YORK PRACTICE REPORTS.          **227**

Attorney-General agt. Atlantic Mutual Life Insurance Co.

IN THE MATTER OF THE APPLICATION OF THE ATTORNEY-GENERAL agt. THE ATLANTIC MUTUAL LIFE INSURANCE COMPANY.

*Life insurance company — application for appointment of receiver — section 7, chapter 902, Laws of 1869.*

The provisions of section 7 of chapter 902 of the Laws of 1869 make it the duty of the superintendent of the insurance department, whenever the affairs of any life insurance company which has deposited securities under this act, or the act hereby amended, shall, *in his opinion*, appear in such a condition as to render the issuing of additional policies and annuity bonds of said company injurious to the public interests, to report that fact to the attorney-general, *whose duty it shall then be* to apply to the supreme court for an order requiring the company to show cause why a receiver should not be appointed, and its business closed up.

When the superintendent reports to the attorney-general as the statute prescribes, the latter *must* submit the facts to the court, and that tribunal *must* proceed as the law directs.

The supreme court has no power to review the preliminary action of the superintendent in making his report. If any error has been committed or mistake made by the superintendent, the hearing, and that alone, will remedy it.

But it must be proved, to the satisfaction of the court, upon the investigation, that there is danger to the public interests by the continuance of the business of the company, before it would be warranted in making the final order, arresting future operations and appointing a receiver.

*Albany Special Term, May* 14, 1877.

APPLICATION by the attorney-general, pursuant to section 7 of chapter 902 of Laws of 1869, for a receiver of the company.

*Charles S. Fairchild*, attorney-general, for motion.

*William Barnes* and *Henry Smith*, opposed.

WESTBROOK, *J.* — By section 7 of chapter 902 of the Laws of 1869, it is provided: " If at any time the affairs of any life insurance company, which has deposited securities under this act, or the act hereby amended, shall, in the opinion of the superintendent of the insurance department, appear in such a condition as to render the issuing of additional policies and annuity bonds of said company injurious to the public interests, the said superintendent shall report that fact to the attorney-general, whose duty it shall then be to apply to the supreme court for an order requiring the company to show cause why its business should not be closed. The court shall thereupon proceed to hear the allegations and proofs of the respective parties; and in case it shall appear, to the satisfaction of the said court, that the assets and funds of said company are not sufficient to justify the further continuance of the business of insuring lives, granting annuities and incurring new obligations, as authorized by its charter, then the said court shall issue an order enjoining and restraining said company from the further prosecution of its business, and shall also appoint a receiver of the assets of said company," etc.

The petition or statement of the attorney-general to the court, showing that the superintendent of the insurance department had made such a report to him, as is required by the section of the statute just quoted, an order to show cause, also in conformity therewith, was granted on the eleventh day of May, instant, returnable this day. It is now objected, in behalf of the company, that the moving papers do not show upon what evidence the superintendent acted in making his report to the attorney-general, and that, therefore, as the court cannot see the legal sufficiency of the evidence upon which the superintendent acted to justify such action, no further proceedings can be had upon the present application. A careful reading of the section fails to show any power in the court to review the preliminary action of the superintendent in making his report. The court can, and must, undoubtedly,

Attorney-General agt. Atlantic Mutual Life Insurance Co.

by evidence to be given upon the hearing, be statisfied "that the assets and funds of the company are not sufficient to justify the further continuance of the business" before it would be warranted in making the final order arresting further operations and appointing a receiver; but such inquiry is compulsory upon the court when the attorney-general presents a case within the terms of the statute, and that officer (the attorney-general) must bring the matter to the attention of the court whenever the superintendent reports to him as the same section prescribes. Upon what evidence the superintendent shall act the law is silent. In his "opinion," the affairs of the company must "appear" to be "in such a condition as to render the issuing of additional policy and annuity bonds by said company injurious to the public interests," before he would be justified to "report that fact to the attorney-general;" but in what way his "opinion" shall be formed, and by what evidence it must so "appear" to him, the statute affords no light. The superintendent is an officer of the state, and acts upon the responsibility of his official oath. It is not to be presumed that he would act lightly or hastily. It is true that the power intrusted to him, as all power in the hands of any official may be, can be abused, but the guard in the act is not to review the preliminary action which he takes to compel investigation by the court, but the need of proving, to the satisfaction of the court, upon such investigation the danger to the public interests by the continuance of its business. It is also true that hasty action by the state official may, for a time, impair the credit of a solvent corporation by an unjust accusation, but the court has no power, without a hearing, to declare that the preliminary report was unjustified. In short, when the superintendent reports to the attorney general as the statute prescribes, the latter must submit the facts to the court, and that tribunal must proceed as the law directs. If any error has been committed or mistake made by the superintendent, the hearing, and that alone, will remedy it.

The company, by the affidavit of its secretary, having declared its solvency and ability to continue business, an examination in conformity with the requirement of the act must be had. As the enjoining of further business, and the appointment of a receiver, can only be justified by satisfying the court " that the assets and funds of said company are not sufficient to justify the further continuance of the business," it is apparent that a critical examination of all its " assets and funds " must be made, as well of all its obligations and liabilities. What standard, the court ought to adopt in determining the propriety of further continuance of the corporation will not now be prescribed, further than to say that whatever evidence throws light upon its " funds and assets " and liabilities will be received and considered. Neither can it be decided now what principle shall be adopted, whether gross or not, in valuing the policies. It can, however, without impropriety, be stated that it would be well to have a detailed examination of each policy made, and the actual value thereof, if any, to the company stated, based upon the future payments to be made thereon, deducting therefrom one-sixth for future expenses and contingencies, so that the court can have before it the result thereof upon the final submission of the controversy.